**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**FILL IT UP, LLC; FILLIN' STATION**                              **PLAINTIFFS**
**GRILL, LLC; and STEVEN P. BEENE,**
**Individually**

**V.**                                                        **NO. 3:17-CV-225-DMB-RP**

**MS LZ DELTA, LLC d/b/a SOUTHERN**
**THUNDER HARLEY-DAVIDSON**                                      **DEFENDANT**

## OPINION AND ORDER

This contract dispute is before the Court on the defendant's motion to dismiss, Doc. #5; and the plaintiffs' motion to amend their complaint, Doc. #11.

**I**
## Procedural Background

On September 29, 2017, Fill It Up, LLC, Fillin' Station Grill, LLC, and Steven P. Beene filed a complaint in the Circuit Court of DeSoto County, Mississippi, against MS LZ Delta, LLC d/b/a Southern Thunder Harley Davidson, alleging that MS LZ Delta breached a "Reciprocal Easement Agreement With Covenants, Conditions and Restrictions" ("Agreement"). Doc. #7 at 4, 5, 7. On October 4, 2017, the plaintiffs amended their state court complaint. Doc. #7 at 42. MS LZ Delta removed the case to this Court on November 13, 2017, invoking jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1334. Doc. #1.

On November 17, 2017, MS LZ Delta filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. Doc. #5. On November 30, 2017, the plaintiffs responded to the motion to dismiss, Doc. #13, and filed a motion to amend their complaint, Doc. #11. On December 7, 2017, MS LZ Delta replied in support of its motion to dismiss. Doc. #17. One week later, MS LZ Delta responded in opposition to the motion to amend, Doc. #18; and on December 20, 2017, the

plaintiffs replied, Doc. #20.

## II
## Relevant Standards

### A. Rule 12(b)(6)

"To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement for relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). Under this standard, a court must "accept all well-pleaded facts as true." *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199–200 (5th Cir. 2016) (quotation marks omitted).

### B. Rule 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave [to amend pleadings] when justice so requires." "The language of this rule evinces a bias in favor of granting leave to amend." *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (alterations and quotation marks omitted). However, a "court need not grant a futile motion to amend. Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citation omitted).

## III
## Factual Allegations

Steven Beene is the principal officer and member of Fill It Up and Fillin' Station. Doc. #2 at 1. Fillin' Station operates a restaurant adjacent to a Harley Davidson retail location operated by MS LZ Delta. *Id*. at 2; Doc. #7 at 41.

On June 7, 2010, Fill It Up and MS LZ Delta entered into the Agreement regarding three

lots in DeSoto County, Mississippi: Lot 2, Lot 3, and Lot 4. *Id*. at 2. BL Property I, LLC, is the

owner of Lot 2; BL Property II, LLC, is the owner of Lot 3; and Fill It Up is the owner of Lot 4.

*Id*. at 2; *see* Doc. #7 at 49.[1] Among other things, the Agreement provides for restrictive covenants

to ensure "compatible and complement[ary]" business operations. Doc. #2 at 3; *see* Doc. #7 at 58.

The Agreement provides, in part, "The Lot 4 Property Owner intends to develop or cause

Lot 4 Property to be developed as a restaurant which is compatible with the current use of the Lot

2 Property as Harley-Davidson motorcycle retail location." Doc. #7 at 50. Subsection 3.5 of the

Agreement states,

> Further, so long as Lot 4 is utilized as a restaurant, no portion of Lot 2 or Lot 3 (or
> any lot created therefrom), shall, without the prior written consent of the Owner of
> Lot 4, be used as one of the following: a tavern, bar, nightclub, discotheque or any
> form of a restaurant without the prior written permission of the owner of Lot 4.

*Id*. at 58.

At some point, MS LZ Delta, in breach of the Agreement, "began serving food, including

bringing in vendors to provide food … and serving alcohol on the premises of Lot 2" without Fill

It Up's written consent. Doc. #2 at 3. On June 10, 2016, Fill It Up sent a cease and desist letter

to MS LZ Delta but MS LZ Delta continues to violate the Agreement. *Id*. As a result of MS LZ

Delta's breach, the plaintiffs have incurred losses in excess of $100,000 per year since MS LZ

Delta began violating the Agreement. *Id*. at 4.

## IV
## Analysis

In support of its motion to dismiss, MS LZ Delta argues that none of the plaintiffs have

---

[1] The state court amended complaint filed with MS LZ Delta's notice of removal did not include the Agreement as an exhibit. However, the state court record establishes that the Agreement was filed as an exhibit to the amended complaint. *See* Doc. #7 at 49–79. "[E]xhibits attached to the complaint … are part of the complaint for all purposes." *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) (quotation marks omitted). Accordingly, the Agreement is properly before the Court for the purpose of MS LZ Delta's motion to dismiss.

legal authority to bring the claims asserted against it in this action.  Doc. #6 at 2.  The Court will discuss the issue of the authority of each plaintiff in turn.

### A.  Fillin' Station Grill, LLC

MS LZ Delta argues that Fillin' Station's claims are barred by the doctrine of judicial estoppel because Fillin' Station previously took the position in its bankruptcy proceedings that it had no claims against MS LZ Delta.  Fillin' Station responds that it sufficiently disclosed its claims against MS LZ Delta in its schedule of assets filed with the bankruptcy court; that its claims against MS LZ Delta were disclosed in a motion to employ counsel in Fill It Up's bankruptcy proceedings; and that the bankruptcy court's order granting Fill It Up's motion to employ counsel disclosed Fillin' Station's claims against MS LZ Delta such that MS LZ Delta cannot invoke judicial estoppel here.  In reply, MS LZ Delta argues that Fillin' Station misconstrues the applicable standard and that Fillin' Station's purported disclosures are insufficient.

"Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation."  *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004).  "The purpose of the doctrine is to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest."  *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999) (quotation marks and alterations omitted).  "Against the backdrop of the bankruptcy system judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system."  *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 271 (5th Cir. 2015) (alterations omitted).  Thus, "[j]udicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."  *Jethroe v. Omnova*

*Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

"Judicial estoppel has three elements: (1) The party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *In re Flugence*, 738 F.3d 126, 129 (5th Cir. 2013). "The burden to prove judicial estoppel is on the party invoking the doctrine." *RDS Real Estate, LLC v. Abrams Grp. Constr., LLC*, No. 1:15-cv-361, 2016 WL 4926193, at *2 (S.D. Miss. Sept. 15, 2016).

### 1. Inconsistent prior position

"[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." *Coastal Plains*, 179 F.3d at 207–08 (emphasis omitted) (citing 11 U.S.C. § 521(1)). "The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action." *Id*. at 208 (quotation marks omitted).

In its July 25, 2017, bankruptcy schedule of assets,[2] Fillin' Station, when queried about causes of action it had against third parties, responded, "A sister company holds a claim against Southern Thunder, LLC which may indirectly benefits [sic] Debtor." Doc. #5-6 at 6. MS LZ Delta argues that Fillin' Station's affirmative statement that a sister company held a claim against MS LZ Delta is insufficient to disclose Fillin' Station's claim against MS LZ Delta, and that by filing this action, Fillin' Station has taken a position inconsistent with its July 2017 schedule of

---

[2] Generally, a court reviewing a 12(b)(6) motion "may not look beyond the pleadings (including any attachments thereto)." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "If a court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c)." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). However, a court "may consider the contents of the pleadings along with any attachments[, and] judicial notice of matters of public record." *Ruiz*, 851 F.3d at 468. Attached to MS LZ Delta's motion to dismiss are sixteen exhibits: the original complaint; the amended complaint; an exhibit to the amended complaint; a page from the Mississippi Secretary of State's website; and twelve exhibits from the plaintiffs' bankruptcy proceedings. Because all of these exhibits are matters of public record or part of the pleadings, the Court need not convert MS LZ Delta's motion to dismiss into one for summary judgment.

assets. Fillin' Station contends that its statement regarding its sister company's claim sufficiently disclosed "what [Fillin' Station] knew at the time of filing of the schedules on July 25, 2017," and thus, it disclosed the lawsuit and did not willfully conceal a potential claim. Doc. #14 at 5.

The Fifth Circuit requires that in bankruptcy, "[a]ny claim with potential must be disclosed, even if it is contingent, dependent, or conditional." *Coastal Plains*, 179 F.3d at 208 (emphasis omitted). An affirmative statement that an entity other than Fillin' Station holds a claim against MS LZ Delta cannot be reasonably construed as sufficiently disclosing Fillin' Station's claim against MS LZ Delta, especially in light of the Fifth Circuit's guidance that "the importance of th[e] disclosure duty cannot be overemphasized." *Id.* Accordingly, the Court finds that the filing of this lawsuit against MS LZ Delta is inconsistent with Fillin' Station's prior position in its bankruptcy statement of assets that a sister company held a claim against MS LZ Delta. *See generally In re Whalen*, No. 12-14639, 2013 WL 3092289, at *7 (Bankr. D. Md. June 18, 2013) (denying discharge because debtor's statement that he held "only a couple of thousand dollars" in cash—when he held $8,300—did not satisfy "full disclosure" requirements demanded in bankruptcy proceedings).

Alternatively, Fillin' Station argues that its claim was sufficiently disclosed when Fill It Up filed a motion to employ counsel in its bankruptcy proceedings. This argument also fails because the motion to employ was made by Fill It Up in a separate bankruptcy proceeding—not by Fillin' Station in its bankruptcy proceedings. That Fill It Up, in its motion to employ, named Fillin' Station as the lessee of the restaurant does not establish that Fillin' Station holds a claim against MS LZ Delta. Moreover, Fill It Up's motion to employ was filed in March 2017, and Fillin' Station filed its schedule of assets in June 2017. To the extent Fillin' Station contends that its claim was disclosed in Fill It Up's motion to employ, Fillin' Station surely had knowledge of

such claim and, therefore, should have listed it in its schedule of assets filed three months after Fill It Up filed its motion to employ.

Similarly, the bankruptcy court's order granting Fill It Up's motion to employ does not disclose Fillin' Station's claim against MS LZ Delta. For a number of reasons, a court order authorizing Fill It Up to retain and employ counsel to represent its interest in this action and "any other issues related thereto" cannot reasonably be construed to mean that Fillin' Station had a claim against MS LZ Delta. First, the bankruptcy court order is not a disclosure by a party. Moreover, the bankruptcy court order was entered in Fill It Up's bankruptcy proceeding—not Fillin' Station's. Finally, the bankruptcy court's order granting Fill It Up's motion to employ was entered on April 17, 2017. Doc. #5-5 at 1. As Fillin' Station contends the order clearly disclosed its claim against MS LZ Delta, surely Fillin' Station should have disclosed its claim against MS LZ Delta in its schedule of assets filed two months after the order was entered.

For these reasons, the Court finds that, by filing this action, Fillin' Station has taken a position inconsistent with its prior position in its bankruptcy proceedings.

### 2. Prior position accepted by court

In its response to MS LZ Delta's motion to dismiss, Fillin' Station does not argue that the second element of the judicial estoppel analysis—that a court accepted a party's prior position—is not met. The Court finds that Fillin' Station's prior position was accepted by a court because Fillin' Station was granted an automatic stay in its bankruptcy proceedings and because the bankruptcy court subsequently entered an agreed order abandoning certain bankruptcy estate property. *See Reynolds v. C.I.R.*, 861 F.2d 469, 473 (6th Cir. 1988) (because bankruptcy agreements must be approved as fair and equitable, bankruptcy agreements satisfy judicial acceptance prong of judicial estoppel inquiry); *Hannon v. Wells Fargo Bank, N.A.*, No. 14-cv-

5381, 2015 WL 4776305, at *6 (N.D. Cal. Aug. 13, 2015) (automatic stay sufficient to meet judicial acceptance prong) (collecting cases). Accordingly, the second element has been established.

### 3. Inadvertence

"[I]n considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is inadvertent only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Coastal Plains, Inc.*, 179 F.3d at 210 (emphases and quotation marks omitted).

#### a. Knowledge

A party establishes a lack of knowledge not by showing "that they were unaware that they had a duty to disclose their claims but that they were unaware of the facts giving rise to them." *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 573 (5th Cir. 2015) (alterations omitted). Given the timeline here, Fillin' Station clearly had knowledge of the facts giving rise to this action as of the date it filed its July 2017 schedule of assets. Although Fillin' Station argues that Fill It Up's motion to employ counsel in its bankruptcy proceeding suffices as adequate disclosure of its claim against MS LZ Delta, Fill It Up's motion to employ counsel was filed on March 16, 2017, Doc. #5-4; while Fillin' Station filed its schedule of assets stating that any claim belonged to a sister company in July of 2017, Doc. #5-6 at 6. Further, Fillin' Station contends that in Fill It Up's motion to employ counsel, "the nature of the claim was disclosed and Fillin' Station Grill, LLC, Fill It Up, LLC and Steve Beene's relationship to the claim against [MS LZ Delta] herein and its violation of the restrictive covenants were all disclosed." Doc. #14 at 6. Under these circumstances, the Court finds that Fillin' Station did not lack knowledge of the facts underlying this action when it filed its July 2017 schedule of assets.

*b. Motive*

"A debtor's failure to disclose assets is also inadvertent if the debtor has no motive for their concealment." *Allen*, 813 F.3d at 573 (quotation marks omitted). Potential motive is measured at the time a debtor fails to meet his disclosure obligations. *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 263 (5th Cir. 2012).

"A debtor possesses the requisite motivation if concealing the claim allows the debtor to reap a windfall had [he] been able to recover on the undisclosed claim without having disclosed it to the creditors." *Id.* at 574 (quotation marks omitted). Thus, "the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court … because of potential financial benefit resulting from the nondisclosure." *Love*, 677 F.3d at 262. By not disclosing its claim to the bankruptcy court, Fillin' Station's motivation for concealment is self-evident—it stood to gain a potential financial benefit from keeping any recovery on its claim against MS LZ Delta out of the hands of its creditors. Accordingly, the Court finds that its nondisclosure was not inadvertent.

For the reasons above, the Court concludes that the doctrine of judicial estoppel prohibits Fillin' Station from bringing this action against MS LZ Delta. Fillin' Station's claims will be dismissed.

## B. Beene

MS LZ Delta argues that Beene's claims should be dismissed because (1) he lacks standing under Mississippi law, which prohibits individual members of an LLC from pursuing claims for an alleged injury to an LLC and (2) he did not disclose his claims against MS LZ Delta in his bankruptcy proceedings and is judicially estopped from asserting them here. In response, Beene argues that because he is Fill It Up's sole member and manager, he has standing to bring this suit.

Beene fails to address MS LZ Delta's argument that he is judicially estopped from bringing this action.

### 1. "Standing"

While MS LZ Delta refers to Beene's "standing" under Mississippi law, the argument asserted—that Beene cannot enforce the rights of an LLC—does not touch on the jurisdictional requirement of standing. Rather, "[t]he real issue is not whether there is jurisdiction, but the prudential limitation on [the] exercise of that jurisdiction over a … third party plaintiff." *Ensley v. Cody Res., Inc.*, 171 F.3d 315, 320 (5th Cir. 1999) (emphasis omitted). Accordingly, a defendant's "standing objection" that a plaintiff cannot assert the rights of a corporate entity "constitutes an objection to the real party in interest [requirement] under [Federal Rule of Civil Procedure] 17(a)." *Id.*

"The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 362 (5th Cir. 2014) (quotation marks omitted). "A federal court sitting in diversity must look to state law to determine which party holds the substantive right." *Farrell Constr. Co. v. Jefferson Par.*, 896 F.2d 136, 140 (5th Cir. 1990).

Here, Beene alleges that he "invested substantial assets" in Fill It Up and Fillin' Station, and, as a result of MS LZ Delta's alleged breach, has "suffered derivatively"—including, a loss of equity in "the Fill It Up Building and Limited Liability Companies." Doc. #2 at 1, 5. Beene further contends that "an LLC member may seek damages he suffered individually and derivative[ly] through actions of LLC members" and that a "member of a closely held corporation has standing to bring a direct action for losses that were incurred by the corporation." Doc. #14 at 8.

Mississippi law provides:

> A member, manager or officer of a limited liability company is not a proper party to a proceeding by or against a limited liability company, by reason of being a member, manager or officer, as applicable, of the limited liability company, except:
>
> (a) Where the object of the proceeding is to enforce a member's, manager's or officer's right against or liability to the limited liability company; or
>
> (b) In a derivative action brought pursuant to Article 11 of this chapter.

Miss. Code Ann. § 79-29-311(2).

However, in *Derouen v. Murray*, the Mississippi Supreme Court carved out an exception to the general rule that shareholders of a corporation possess only derivative rights to proceed individually.[3] 604 So.2d 1086 (Miss. 1992). In *Derouen*, the Mississippi Supreme Court held:

> In the case of a closely held corporation …, the chancery court in its discretion may treat an action raising derivative claims as a direct action, exempt it from those restrictions and defenses applicable only to derivative actions, and order an individual recovery, if it find that to do so will not (i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interest of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons.

*Id*. at 1091 n.2. MS LZ Delta contends that the *Derouen* exception does not apply here because were Beene to recover individually, it would materially prejudice the interests of Fill It Up and Fillin' Stations' creditors and courts are reluctant to apply the doctrine when the defendant is also not a member of the LLC.

Assuming without deciding that the *Derouen* rule extends from closely held corporations to LLCs, the Court in its discretion, declines to apply the *Derouen* exception here. First, any potential recovery awarded to Beene individually would fall outside Fill It Up's or Fillin' Station's

---

[3] Although *Derouen* created an exception for closely held corporations, the Mississippi Supreme Court has suggested it is equally applicable to closely held LLCs. *See Brothers v. Winstead*, 129 So.3d 906, 921–22 (Miss. 2014) (ordering briefing on whether trial court erred in allowing LLC member claims to proceed without making *Derouen* determination but ultimately concluding claims were tried by implied consent); *see also Dalton v. McLarty*, 671 F. App'x 247, 248 (5th Cir. 2016) ("However, because Equity [LLC] is a closely held entity, an exception known as the *Derouen* doctrine permits a direct action by a member ….").

bankruptcy proceedings, so invoking the *Derouen* exception could prejudice Fill It Up or Fillin'

Station's creditors. *See id.* (derivative actions may be treated as direct actions if doing so will "not

materially prejudice the interest of creditors of the corporation"). Further, the Supreme Court of

Mississippi has not extended the *Derouen* exception to apply outside of intracorporate disputes.

Indeed, the Mississippi Supreme Court has questioned whether the *Derouen* exception applies in

circumstances beyond intracorporate disputes. *See Mathis v. ERA Franchise Sys., Inc.*, 25 So.3d

298, 302 (Miss. 2009) ("A review of cases from other jurisdictions reveals that the doctrine is

almost always employed in purely intracorporate disputes.") (collecting cases). Here, Beene—

along with the entities that were allegedly injured by MS LZ Delta—is suing MS LZ Delta for

breach of contract. Accordingly, the Court declines to apply the *Derouen* exception to Beene's

claims. *See Photo Arts Imaging Prf'ls, LLC v. Best Buy Co., Inc.*, No. 2:10-cv-84, 2011 WL

5860704, at *3 (S.D. Miss. Nov. 22, 2011) (noting "it is very unlikely that the Mississippi Supreme

Court would apply *Derouen*" to a non-intracorporate dispute). For these reasons, the Court will

dismiss Beene pursuant to Rule 17.

### 2. Estoppel

Even if the Court did apply the *Derouen* exception here, Beene would be judicially

estopped from bringing claims against MS LZ Delta for the same reasons discussed above with

respect to Fillin' Station. First, in his June 16, 2016, schedule of assets, Beene stated that he had

no claims against third parties; thus, his filing of this action is inconsistent with that prior position.

Doc. #5-7 at 5. Second, the bankruptcy court accepted his prior inconsistent position by virtue of

the automatic stay and when it entered the agreed order conditionally denying a creditor's motion

to lift stay and to abandon property. *In re Beene*, No. 16-11784, Doc. #39 (Bankr. N.D. Miss.

Sept. 12, 2016); *see Superior Crewboats*, 374 F.3d at 335 ("Adoption does not require a final

judgment; rather it only requires that the first court has adopted the position urged by the party, either as a preliminary matter of as part of a final disposition.") (quotation marks omitted). Third, Beene's prior position was not inadvertent because as the sole member of Fill It Up and Fillin' Station, he certainly had knowledge of the events that gave rise to this action. And, as discussed above, motive to conceal claims by not disclosing them in bankruptcy proceedings is self-evident. Accordingly, Beene had a motive to conceal his claim against MS LZ Delta because he stood to benefit from keeping any potential recovery against MS LZ Delta beyond the reach of his creditors.

### C. Fill It Up, LLC

MS LZ Delta argues that Fill It Up lacks standing to bring this action because Fill It Up was administratively dissolved in December 2011, and the alleged cause of action accrued while Fill It Up was dissolved. Doc. #6 at 5–6. In response, Fill It Up contends that because it was reinstated on November 21, 2017, it may maintain this action against MS LZ Delta, Doc. #14 at 2; and that after it was reinstated, the plaintiffs filed a motion to amend their complaint in an effort to cure any potential defect with respect to its administrative dissolution. Doc. #11. MS LZ Delta replies that Fill It Up's motion to amend is futile because Fill It Up's November 2017 "reinstatement cannot revive claims that never existed." Doc. #19 at 2. MS LZ Delta's motion to dismiss and Fill It Up's motion to amend present the same legal issue: whether the reinstatement of an administratively dissolved LLC enables the LLC to pursue claims that arose while it was administratively dissolved.

Although MS LZ Delta contends that Fill It Up lacks standing, its challenge is properly construed as contesting Fill It Up's capacity to sue. *See Sports Arena Mgmt., Inc. v. K & K Ins. Grp., Inc.*, No. 06-C-6290, 2008 WL 4877452, at \*4 (N.D. Ill. June 26, 2008) (challenge to standing properly analyzed as capacity to sue when plaintiff's causes of action accrued while entity

dissolved). "Capacity has been defined as a party's personal right to come into court, and should not be confused with the question of whether a party has an enforceable right or interest." 6A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1559 (3d ed. 2018).

The Federal Rules provide that capacity for an LLC to sue or be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Mississippi's Limited Liability Company Act provides, in pertinent part, "[a] limited liability company that has been administratively dissolved may not maintain any action, suit or proceeding in any court of this state until such limited liability company is reinstated." Miss. Code Ann. § 79-29-831(4). Accordingly, under § 79-29-831, the earliest Fill It Up could pursue any action was after its November 2017 reinstatement; thus, Fill It Up lacked authority to bring this suit when it originally filed this action in September 2017 because it was administratively dissolved. However, as discussed above, the plaintiffs sought leave to file an amended complaint after Fill It Up was reinstated in November 2017, which Fill It Up argues cures any defect with respect to its administrative dissolution.

Section 79-29-825 of the Act governs the reinstatement of administratively dissolved LLCs, providing in relevant part:

(3) When the reinstatement is effective:

(a) The reinstatement relates back to and takes effect as of the effective date of the administrative dissolution;

(b) Any liability incurred by the limited liability company or a member after the administrative dissolution and before the reinstatement shall be determined as if the administrative dissolution had never occurred; and

(c) The limited liability company may resume carrying on its business as if the administrative dissolution had never occurred.

Miss. Code Ann. § 79-29-825(3). Fill It Up argues subsections (a) and (c)—that reinstatement relates back and permits reinstated LLCs to resume business as if the dissolution never occurred—in conjunction with its post-reinstatement motion to amend, enables it to pursue this action.

There is little case law interpreting the effect of reinstatement under § 79-29-825; however, cases interpreting similar statutes governing the reinstatement of corporations provide some guidance.

Fill It Up relies on the Mississippi Supreme Court case of *Bryant Construction Co., Inc. v. Cook Construction Co., Inc.*, 518 So.2d 625 (Miss. 1987), for the proposition that filing an amended complaint after reinstatement restores its right to sue. *Bryant* involved a corporation that was suspended by the Mississippi Tax Commission for failing to file annual reports and pay franchise taxes under Miss. Code Ann. § 27-13-27. *Id*. at 627. While the corporation was suspended, it sued a subcontractor for breach of contract. *Id*. Upon learning of the suspension, Cook moved to dismiss the complaint, which the court granted, finding that because it was suspended, the corporation could neither enter into a contract nor bring suit to enforce it. *Id*. After the corporation's suspension was set aside, it filed an amended complaint, which the trial court also dismissed. *Id*. The corporation appealed, and the Mississippi Supreme Court concluded that the trial court erred in dismissing the amended complaint because "[a]t the time that [the amended] complaint was filed, [the corporation] had been reinstated and thus had the right to sue." *Id*. at 631–32.

MS LZ Delta asserts that *Bryant* is inapposite because it involves an inapplicable statute with language that "differs in critical respects from the statutory language at issue here." Doc. #17

at 4.  In *Bryant*, the Mississippi Supreme Court interpreted § 27-13-27,[4] which provides, in part:

> Upon the setting aside of such administrative dissolution or revocation of certificate of authority, said organization shall be restored to all rights of which it was deprived by such administrative dissolution or revocation of certificate of authority, and authorized to resume all activities as though said administrative dissolution or revocation of certificate of authority had not been imposed.

Miss. Code Ann. § 27-13-27(4).  Indeed, the language in § 27-13-27 differs significantly from the relevant statutory provision here—§ 79-29-825.  Section 27-13-27 explicitly provides that the setting aside of an administrative dissolution restores to the organization "*all rights* of which it was deprived" and authorizes the organization to "resume all activities as though said administrative dissolution or revocation of certificate of authority had not been imposed."  *Id.* (emphasis added).  Section 79-29-825 does not contain language restoring "all rights" of which an entity was deprived; rather, subsection (b) of § 79-29-825(3) provides, "Any *liability* incurred by the [LLC] or a member after the administrative dissolution and before the reinstatement shall be determined as if the administrative dissolution had never occurred."  Miss. Code Ann. § 79-29-825(3)(b) (emphasis added).

The court in *Homesafe Inspection, Inc. v. John Hayes*, No. 3:14-cv-209, 2016 WL 347588 (N.D. Miss. Jan. 28, 2016), addressed a question similar to the question presented here and concluded that such reinstatement provisions do not operate retroactively.  The *Homesafe* court interpreted the analogous statutory provision governing the reinstatement of a corporation—§ 79-4-14.22[5]—when a corporation that had been administratively dissolved and later reinstated

---

[4] Section 27-13-27 was amended in 2002.  The 2002 version of § 27-13-27(4) differs from the older version that the *Bryant* court interpreted in that the phrase "administrative dissolution or revocation of certificate of authority" is substituted for the term "suspension" found in the older version.  *See* Miss. Code Ann. § 27-13-27(4) (1972).

[5] The provision governing the reinstatement of corporations mirrors the relevant provision concerning LLCs and provides, in part:

> When reinstatement is effective: (1) The reinstatement relates back to and takes effect as of the effective date of the administrative dissolution; (2) Any liability incurred by the corporation, director, officer or shareholder after the administrative dissolution and before the reinstatement

brought an action for events that occurred while it was dissolved. *Id*. at *1. After surveying the relevant case law, the *Homesafe* court concluded that there is "little doubt that § 79-4-14.22 does not apply retroactively." *Id*. at *5. The court based this conclusion, in part, on *PLM v. E. Randle Co.*, 797 F.2d 204 (5th Cir. 1986), in which the Fifth Circuit, in construing § 27-13-27, held that while § 27-13-27(4) contemplates a restoration that is complete and unconditional, it is not retroactive. *Homesafe Inspection, Inc.*, 2016 WL 347588, at *4–5.

This Court finds *Bryant* unpersuasive here and thus finds the plaintiffs' motion to amend futile. There is a clear difference between the relevant statute at issue in *Bryant* and the statute at issue in this case. Specifically, § 27-13-27 explicitly provides that a reinstated corporation "be restored to all rights" of which it is was deprived while § 79-29-825 does not include such a statement. Rather, subsection (b) of § 79-29-825 provides that reinstated LLCs should only be treated as if they had never been dissolved only for liabilities incurred during dissolution. "Where a statute enumerates and specifies the subject or things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned or under a general clause, those not of the like kind of classification as those enumerated." *S.W. Drug Co. v. Howard Bros. Pharm. of Jackson, Inc.*, 320 So.2d 776, 779 (Miss. 1975). Section 79-29-285 clearly contemplates overlooking the administrative dissolution of an LLC with respect to liabilities that arose during dissolution but makes no mention of the right to enforce claims that arose while the LLC is administratively dissolved. Additionally, "[t]he phrase 'to resume all activities as though said suspension had not been imposed' implies that those activities were interrupted and does not imply

---

shall be determined as if the administrative dissolution had never occurred; and (3) The corporation may resume carrying on its business as if the administrative dissolution had never occurred.

Miss. Code Ann. § 79-4-14.22(c).

17

that the interruption was fictional. The phrase does not imply a retroactive dispensation from the suspension ...." *PLM*, 797 F.2d at 205 (construing § 27-13-27).

Considering the authorities above, the Court finds that § 79-29-285 does not retroactively revive claims of an LLC that arose while the LLC was administratively dissolved. For the reasons above, Fill It Up's motion to amend will be denied as futile and the Court will dismiss Fill It Up as a plaintiff in this action under Rule 17.

V
**Conclusion**

For the reasons above, MS LZ Delta's motion to dismiss [5] is **GRANTED**. Fillin' Station's claims are dismissed for failure to state a claim; and Beene and Fill It Up are dismissed as plaintiffs pursuant to Rule 17. The plaintiffs' motion to amend [11] is **DENIED**. A separate final judgment will be entered consistent with this opinion.

**SO ORDERED**, this 21st day of September, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**